IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GORE AND ASSOCIATES MANAGEMENT COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SLSCO Ltd. and HARTFORD FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No:    19cv1650<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW GORE AND ASSOCIATES MANAGEMENT COMPANY, INC., by and through undersigned counsel, and files this Complaint against Defendants SLSCO, Ltd. and HARTFORD FIRE AND INSURACE COMPANY, and states the following:

### PARTIES, JURISDICTION AND VENUE

1. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the services provided by Gore and Associates Management Company, Inc. to contractors under the FEMA contracts at issue giving rise to this action occurred in Puerto Rico.

2. In addition, venue is proper under 28 U.S.C. § 1391(b)(3) because this District Court has personal jurisdiction over the Defendants due to both SLSCO, Ltd.'s and Hartford Fire and Insurance Company's substantial contacts within the Puerto Rico, through their respective business practices, such to meet the minimum contacts standard required for personal jurisdiction.

3. Gore and Associates Management Company, Inc. ("Gore") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 2268 James B White Highway N, Whiteville, North Carolina 28472.

4. SLSCO, Ltd. ("SLSCO") is a limited partnership organized and existing under the laws of Texas, with its principal place of business located at 13 Evia Main, Galveston, Texas 77554. The general partner of SLSCO is Sullivan Environmental Services, Inc., with its principal place of business located at 13 Evia Main, Galveston, Texas 77554.

5. Hartford Fire Insurance Company ("Hartford Insurance") is a corporation organized and existing under the laws of Connecticut, with its principal place of business located at One Hartford Plaza, Hartford, Connecticut 06155.

6. This action involves a federal question under 40 U.S.C. § 3133 and therefore this District Court has subject matter jurisdiction over this action pursuant to 28 U.S. Code § 1331.

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000 as the defendants owe Plaintiff over $1.4 million for labor provided under the FEMA contract at issue in this case.

8. There is complete diversity among the parties, and given the amount in controversy, this District Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

**FACTUAL ALLEGATIONS**

9. After the devastation caused by Hurricane Maria in September 2017, Federal Emergency Management Agency ("FEMA") funds were allocated to the Puerto Rico Department of Housing ("DOH") and the U.S. Virgin Islands Housing Authority to provide funding for the rebuilding of the infrastructure lost.

10. Upon information and belief, on or about January 2018, SLSCO entered into a FEMA Disaster Recovery Project, Sheltering and Temporary Essential Power Program, Contract

for Construction Repair Work, DOH-RFP-17-18-03 ( "PR FEMA Contract"), with the Puerto Rico Department of Housing.

11. Upon information and belief, on or about February 2018, SLSCO entered into a certain FEMA Contract for Construction Repair Services for the Sheltering Temporary Essential Power ("STEP") Program - Emergency Home Repairs V.I. ( "USVI FEMA Contract") with the Virgin Islands Housing Finance Authority and Prime Contractor, AECOM Caribe, LLP.

12. Under both the PR FEMA Contract and the USVI FEMA Contract (Collectively "FEMA Contracts"), SLSCO was required to furnish labor, materials, tools, supplies, equipment, services, temporary facilities, supervision, administration, and other items as necessary to perform the construction repair work for the projects in accordance with the contract.

13. Pursuant to the FEMA Contracts, SLSCO was required to post a labor and material payment bond for insuring against claims by subcontractors for labor and materials provided in support of the FEMA disaster recovery programs in Puerto Rico and the U.S. Virgin Islands. SLSCO contracted with Hartford Insurance to act as the surety under the required payment bond for the PR FEMA Contract. A true and accurate copy of the Hartford Fire Insurance Company Labor and Material Payment Bond, Bond No. 46BCSHU0780 (the "Hartford Payment Bond") is attached hereto as **Exhibit A**.

14. Upon information and belief, Hartford Insurance also acts as the surety under the required payment bond for the USVI FEMA Contract.

15. On March 21, 2018, SLSCO contracted with Earthwrx, LLC ("Earthwrx") to provide manpower staffing in support of the FEMA Contracts for services in Puerto Rico and the U.S. Virgin Islands. A true and accurate copy of the SLSCO and Earthwrx Subcontractor Agreement for the work in Puerto Rico (the "PR Subcontractor Agreement") is attached hereto as

**Exhibit B**. A true and accurate copy of the SLSCO and Earthwrx Subcontractor Agreement for the work in the U.S. Virgin Islands (the "USVI Subcontractor Agreement") is attached hereto as **Exhibit C**.

16. Under Paragraph 2 of both the PR Subcontractor Agreement and USVI Subcontractor Agreement (collectively "Subcontractor Agreements"), Earthwrx was to "furnish all supervision, labor, equipment, materials, and supplies" required to perform the work under SLSCO's FEMA Contracts.

17. Under the Paragraph 2 of both Subcontractor Agreements, SLSCO was required to pay Earthwrx for the invoices for the labor, equipment, materials, and supplies furnished by Earthwrx per the schedule laid out in the agreement. Specifically, the Subcontractor Agreements stated "Subcontractor invoices received on or before the 15th day of each month will be paid by the 30th day of the month of receipt. Subcontractor invoices received by the 30th day of each month will be paid on or before the 15th day of the following month."

18. To furnish the labor as required under the Subcontractor Agreement, Earthwrx contracted with Uniify of Puerto Rico, LLC, through its parent company, Uniify Strategic Business Solutions, LLC (collectively "Uniify") to procure staffing to support the FEMA Contracts in Puerto Rico and the U.S. Virgin Islands. A true and accurate copy of the Uniify of Puerto Rico, LLC Staffing Account Terms ("Staffing Contract") is attached hereto as **Exhibit D**.

19. Pursuant to the terms of the Staffing Contract, Uniify would provide on-site workers to Earthwrx, who would then provide on-site management for directing and supervising the disaster relief work under the FEMA Contracts.

20. Uniify and Earthwrx then contacted Gore and entered into an agreement in which Gore would fund the designated payrolls for all employees assigned and invoiced to Earthwrx.

A true and accurate copy of the Gore and Associates Management Company Funding Agreement ("Funding Agreement") is attached as **Exhibit E**.

21.     Under the Funding Agreement, Earthwrx would provide weekly time tracking reports for each Uniify worker, Uniify would process payroll for the workers, and then Gore would fund the gross payroll. Uniify would invoice Earthwrx for the total amount of disbursement and provide Earthwrx with a payroll report identifying the dates and hours of work by each worker, rate of pay, amount of reimbursables, and all withholdings ("Invoices").

22.     Upon receipt of the Invoices, Earthwrx would invoice SLSCO for the labor costs, as agreed to in the Subcontractor Agreements. Once payment was received from SLSCO, Earthwrx would pay Gore for all invoices from Uniify, and Gore would disburse the fees owed to Uniify pursuant to the Staffing Agreement, less any amounts owed to Gore.

23.     Between the dates of April 4, 2018 through July 06, 2018, Uniify invoiced Earthwrx for the labor furnished in the approximate amount of $1,557,158.05, of which $764,260.49 was owed to Gore, which Earthwx then invoiced SLSCO. However, SLSCO only paid Earthwrx $289,500.00 towards the labor invoices, leaving a balance of $1,267,658.05 owed to Uniify, $514,260.49 of which is owed to Gore.

24.     Pursuant to the Staffing Contract ¶ 8, all Outstanding Invoices that remain unpaid after thirty days of the agreed terms of Net 15 will be considered to be in default and shall have a finance charge imposed at the rate of 1.5% per month on unpaid balances or the maximum legal interest rate, whichever is lower. Additionally, the Funding Agreement provides "[a] late fee of 1.5% will [be] assessed to all invoices past 31 days from the date it was created." In applying the contractual rate of interest, the total due to Uniify for the unpaid invoices, as of the date of filing is $1,402,313.28, $514,260.49 of which is owed to Gore.

25. Earthwrx, Uniify, and Gore have demanded payment from SLSCO, but SLSCO has failed and/or refused to pay the outstanding Invoices.

26. On May 13, 2019, Earthwrx executed an Assignment of Rights Agreement assigning its rights to collect the monies owed to Earthwrx under the Subcontractor Agreements to Gore. A true and accurate copy of this agreement is attached as **Exhibit F**.

27. On May 22, 2019, Uniify executed an Assignment of Rights Agreement assigning its rights to collect the monies owed to Uniify under the Staffing Agreement and the Funding Agreement to Gore. A true and accurate copy of this agreement is attached as **Exhibit G**.

28. Under its assigned rights and its rights under the Funding Agreement, Gore has suffered damages in the amount of the unpaid Invoices, $1,402,313.28, in addition to accrued interest, consequential damages and reasonable attorney's fees and costs.

29. SLSCO and Hartford Insurance have been placed on notice of this claim numerous times.

   a. By letter on October 10, 2018 from Gore to SLSCO;

   b. By letter on January 23, 2019 from Uniify to Hartford Insuramce;

   c. By letter on June 17, 2019 via certified mail to SLSCO and Hartford Insurance from Gore on behalf of Uniify and Earthwrx.

### COUNT I
### (Breach of Contract)

30. Gore repeats and realleges each and every allegation in Paragraphs 1 through 30 contained in this Complaint, to the extent not inconsistent herewith, as if fully repeated herein verbatim.

31. Earthwrx and SLSCO have valid contracts for staffing manpower operations in support of disaster relief efforts in the Virgin Islands and Puerto Rico.

32. Gore has been assigned Earthwrx's rights under the contracts.

33. Pursuant to the terms of the contract, SLSCO was to pay all Earthwrx's Invoices per the schedule stated in the agreement.

34. Earthwrx properly invoiced SLSCO for the labor and materials provided, including submitting to SLSCO all reports and information required for verification of the Invoices.

35. SLSCO has failed to pay the outstanding Invoices and is in breach of its contracts with Earthwrx.

36. As a direct and proximate result of the breach, Earthwrx, and Gore as the assignee of Earthwrx's rights, has suffered actual damages in the amount of the unpaid Invoices, approximately $1,402,313.28. Earthwrx, and Gore as the assignee of Earthwrx's rights, has suffered additional damages, including costs of collection, in an amount to be more fully determined at a trial and/or hearing on damages.

## COUNT II
**(Payment Bond Claim Pursuant to the Miller Act, 40 U.S.C. § 3133)**

37. Gore repeats and realleges each and every allegation in Paragraphs 1 through 30 contained in this Complaint, to the extent not inconsistent herewith, as if fully repeated herein verbatim.

38. Upon information and belief, SLSCO is a primary contractor under the FEMA Contracts, which are United States government contracts.

39. Under the FEMA Contracts, SLSCO was responsible for providing a payment bond pursuant to 40 U.S.C. § 3131.

40. SLSCO obtained a payment bond from Hartford Insurance, the Hartford Payment Bond for the PR FEMA Contract.

41. Upon information and belief, SLSCO obtained a similar payment bond from Hartford Insurance for the USVI FEMA Contract.

42. Under the Harford Payment Bond, Hartford Insurance was to act as the surety for any claims against SLSCO by subcontractors, including second tier subcontractors, under the PR FEMA Contract.

43. Under the Harford Payment Bond, both SLSCO and Harford Insurance were to be jointly and severally liable for any subcontractor claims.

44. As stated above, SLSCO contracted with Earthwrx to provide manpower staffing in support of the PR FEMA Contract. As a result, Earthwrx is a subcontractor of SLSCO.

45. Earthwrx contracted with Uniify under the Staffing Contract and the Funding Agreement to provide manpower staffing in support of the FEMA Contracts. As a result, Uniify is a second-tier subcontractor of SLSCO.

46. Invoices for employee payroll provided by Uniify to Earthwrx and Earthwrx to SLSCO in support of the FEMA Contracts have gone unpaid for over 90 days since the last furnishing of labor, on or about July 2018.

47. Pursuant to 40 U.S.C. § 3133(b), Earthwrx and Uniify may bring a civil action on the Hartford Payment Bond.

48. The right to bring suit has been assigned to Gore.

49. Notice of this bond claim was given to SLSCO and Harford Insurance.

50. This civil action is timely since it is being brought within one year from the last furnishing of labor under the FEMA Contracts.

51. Gore, under its assigned rights from Uniify and Earthwrx, is entitled to payment under the Hartford Payment Bond for the unpaid Invoices in the approximate amount of $1,402,313.28.

## COUNT III
### (Payment Bond Claim – Third Party Beneficiary)

52. Gore repeats and realleges each and every allegation in Paragraphs 1 through 30___ contained in this Complaint, to the extent not inconsistent herewith, as if fully repeated herein verbatim.

53. The Hartford Payment Bond states that a "Claimant" is defined as "one having a direct contract with the Principle or with a sub-contractor of the Principle for labor, material, or both, used or reasonably required for use in the performance of the contract." Thus, the Bond expressly intends to confer a benefit on third parties to the Bond, namely subcontractors and second-tier subcontractors.

54. The Bond further states that such claimants may sue on the bond for payment of labor or materials which remain unpaid after the expiration of the 90-day period from the last furnishing of such labor or materials, for which the Principle and Surety will be jointly and severally liable.

55. As stated above, Earthwrx was a subcontractor of SLSCO and Uniify was a subcontractor to "a sub-contractor of the Principle" for purposes of the Hartford Payment Bond.

56. As such, Earthwrx is a claimant under the Hartford Payment Bonds as it has a "direct contract with the Principal." Further, Uniify is a claimant because it has a "direct contract with. . . a sub-contractor of the Principal."

57. SLSCO has failed to pay the invoices for the labor and materials supplied by Earthwrx and Uniify under the FEMA Contracts. These invoices have gone unpaid for over 90 days since the last furnishing on labor, on or about July 2018.

58. The right to bring suit has been assigned to Gore .

59. Under the Harford Payment Bond, both SLSCO and Harford Insurance are jointly and severally liable for any subcontractor claims, including this claim.

60. Notice of this bond claim was given to SLSCO and Harford Insurance.

61. Gore, as assignee of Earthwrx's and Uniify's rights, is entitled to payment under the Hartford Payment Bond for the unpaid invoices in the approximate amount of $1,402,313.28.

## COUNT IV
### (Payment of Bond under 22 L.P.R.A. § 51)

62. Gore repeats and realleges each and every allegation in Paragraphs 1 through 30 contained in this Complaint, to the extent not inconsistent herewith, as if fully repeated herein verbatim.

63. Upon information and belief, SLSCO is a primary contractor under the PR FEMA Contract which is a contract awarded by the Commonwealth of Puerto Rico pursuant to FEMA funding from the United States government.

64. SLSCO obtained a payment bond from Hartford Insurance for payment of claims arising from the PR FEMA Contract.

65. As stated above, SLSCO contracted with Earthwrx to provide manpower staffing in support of the PR FEMA Contract. As a result, Earthwrx is a subcontractor of SLSCO.

66. Earthwrx contracted with Uniify under the Staffing Contract and Funding Agreement to provide manpower staffing in support of the PR FEMA Contract. As a result, Uniify is a second-tier subcontractor of SLSCO.

67. Invoices for employee payroll provided by Uniify to Earthwrx and Earthwrx to SLSCO in support of the FEMA Contracts have gone unpaid for over 90 days since the last furnishing of labor, on or about July 2018.

68. Pursuant to 22 L.P.R.A § 51, Earthwrx and Uniify may bring a civil action on the Hartford Payment Bond.

69. The right to bring suit has been assigned to Gore.

70. Notice was given to SLSCO notifying it of the claim against the bond.

71. Gore, under its assigned rights from Uniify and Eartwrx, is entitled to payment under the Hartford Payment Bond for the unpaid Invoices in the approximate amount of $1,402,313.28.

**WHEREFORE**, GORE AND ASSOCIATES MANAGEMENT COMPANY, INC. respectfully requests this Honorable Court grant the following relief:

1. Enter judgment against SLSCO in favor of Gore as the assignee of Earthwrx and Uniify's rights under the FEMA Contracts for the damages suffered by SLSCO's breach of the FEMA Contracts;

2. Enter judgment against SLSCO and Harford Insurance, jointly and severally, for payment of Gore's claim as assignee of Earthwrx's and Uniify's rights under the Hartford Payment Bond;

3. That Gore be awarded actual, consequential, and punitive or exemplary damages in amounts to be determined by the trier of fact;

4. That costs and attorney's fees be taxed against the Defendants;

5. The case be tried by jury on those issues so triable;

6. For such further relief as the Court deems just and proper.

Respectfully submitted.

In Washington, D.C., this 6th day of July, 2019.

Counsel for Plaintiff

s/ *Veronica Ferraiuoli Hornedo*
Veronica Ferraiuoli Hornedo
U.S.D.C. – PR 213814
✉: vero@ferraiuoli.pr

**ESTUDIO LEGAL FERRAIUOLI**
📧 P.O. Box 195384
San Juan, Puerto Rico 00919-5384
☎: 787.296.4733  📠: 787.296.4430
