IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GORE & ASSOCIATES MANAGEMENT COMPANY, INC.**

**Plaintiff,**

**v.**

**SLSCO LTD. AND HARTFORD FIRE AND INSURANCE COMPANY**

**Defendant.**

**CIVIL NO. 19-1650 (GAG)**

## OPINION AND ORDER

Plaintiff Gore and Associates Management Company, Inc. ("Gore") filed this diversity suit, 28 U.S.C. § 1332(a)(1), against SLSCO Ltd. ("SLSCO") and Hartford Fire and Insurance Company ("Hartford") (collectively, "Defendants") alleging breach of contract, payment bond claim pursuant to third party beneficiary provisions, and payment bond claim under P.R. LAWS ANN. tit. 22, § 51. (Docket No. 31).[1]

Pending before the Court is Defendants' Motion to Dismiss for Plaintiff's violation of valid forum selection contractual clauses; for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6); or in the alternative, as to any surviving claims, that it be stayed pending contractually mandated mediation proceedings. (Docket No. 36). Gore timely opposed Defendants' motion to dismiss. (Docket No. 37).

After reviewing the parties' submissions and the pertinent law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss at Docket No. 36.

---

[1] Plaintiff also posited that the Court has jurisdiction under 28 U.S.C. § 1391(b)(2) because a substantial part of the services provided by Gore and Associates Management Company, Inc., individually, and the parties whom assigned their rights to Gore in this action under the contracts at issue giving rise to this action, occurred in Puerto Rico.

**Civil No. 19-1650 (GAG)**

I.   **Relevant Facts and Procedural Background**[2]

In its Amended Complaint, Gore alleges that between January and February of 2018, SLSCO entered into separate contracts with the Puerto Rico Department of Housing ("PR FEMA Contract") and the U.S. Virgin Islands Housing Authority ("USVI FEMA Contract") that relied on Federal Emergency Management Agency ("FEMA") funds for rebuilding the infrastructure lost which had been allocated to each respective authorities. (Docket No. 31 ¶¶ 8-10).

Under both the PR FEMA Contract and the USVI FEMA Contract (collectively, "FEMA Contracts"), SLSCO was required to furnish labor, materials, tools, supplies, equipment, services, temporary facilities, supervision, administration, and other items as necessary to perform the construction repair work for the projects in accordance with the contract. Id. ¶ 11. Pursuant to the FEMA Contracts, SLSCO was also required to post a labor and material payment bond for insuring against claims by subcontractors for labor and materials provided in support of the FEMA disaster recovery programs in Puerto Rico and the U.S. Virgin Islands. SLSCO contracted with Hartford Insurance to act as surety under the required payment bond for the FEMA Contracts. Id. ¶ 12.

On March 21, 2018, SLSCO contracted with Earthwrx, LLC ("Earthwrx") to provide manpower staffing in support of the FEMA Contracts for services in Puerto Rico and the U.S. Virgin Islands ("PR Subcontractor Agreement" and "USVI Subcontractor Agreement", collectively "Subcontractor Agreements"). Id. ¶ 13. To furnish the labor as required under the Subcontractor Agreement, Earthwrx contracted with Uniify of Puerto Rico, LLC, through its parent company, Uniify Strategic Business Solutions, LLC, (collectively "Uniify") to procure staffing to support the FEMA Contracts in Puerto Rico and the U.S. Virgin Islands. Id. ¶ 16.

---

[2] For purposes of the motion to dismiss, the Court accepts as true all the factual allegations in the Complaint and construes all reasonable inferences in favor of Plaintiff. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

**Civil No. 19-1650 (GAG)**

Uniify and Earthwrx then entered into an agreement with Gore, who would fund the designated payrolls for all employees assigned and invoiced to Earthwrx ("Funding Agreement"). Id. ¶¶ 17, 18. Under the Funding Agreement, Earthwrx would provide weekly time tracking reports for each Uniify worker, Uniify would process payroll for the workers, and Gore would fund the gross payroll. Id. ¶ 19. Uniify would invoice Earthwrx for the total amount of labor services provided. Id. Upon receipt of the Invoices from Uniify, Earthwrx would invoice SLSCO for the direct labor costs, as agreed to in the Subcontractor Agreements. Id. ¶ 20. Once SLSCO paid Earthwrx, Earthwrx would transfer that payment to Gore to be disbursed in part to Uniify for its fees, and in part to Gore for its fees under the Funding Agreement. Id.

Earthwrx invoiced SLSCO for labor furnished between the dates of April 4, 2018 through July 6, 2018. Id. ¶ 21. SLSCO has allegedly not satisfied the outstanding invoices from Earthwrx. Id. ¶ 22. Uniify invoiced Earthwrx for the it labor furnished between the dates of April 4, 2018 through July 6, 2018 in the approximate amount of $1,557,158.05. Id. ¶ 23. According to the allegations, Earthwrx has only paid Uniify $289,500.00, leaving a balance of $1,267,658.05. Id. Pursuant to the formula provided in the Funding Agreement, Gore's portion of the amount due from Earthwrx is $764,260.49. Id. ¶ 24. Gore has received only $250,000. Id. ¶¶ 21-24. Gore claims that Uniify and Earthwrx together owe a total of $514,260.49, plus accrued late fees, as of the date of this filing. Id. ¶ 27.

Gore contends that, with Earthwrx and Uniify, they have each demanded payment from SLSCO, but SLSCO has failed and/or refused to pay the outstanding balances. Id. ¶¶ 30, 34. On May 13, 2019, Earthwrx executed an Assignment of Rights Agreement assigning its rights to collect the monies owed to Earthwrx under the Subcontractor Agreements to Gore. Id. ¶ 31. Similarly, on May 22, 2019, Uniify executed an Assignment of Rights Agreement assigning its rights to collect

**Civil No. 19-1650 (GAG)**

the monies owed to Uniify under the Staffing Agreement and the Funding Agreement to Gore. Id. ¶ 32.

Finally, Gore alleges that under these assigned rights and its rights under the Funding Agreement, it has suffered damages in the amount of the unpaid Invoices of $1,402,313.28, including interest through January 23, 2019, in addition to additional accrued interest, consequential damages and reasonable attorney's fees and costs. Id. ¶ 33.

On September 30, 2019, Defendants initially filed a motion to dismiss Gore's Complaint (Docket No. 20) and renewed this motion on February 14, 2020 for violating valid forum selection contractual clauses and under FED. R. CIV. P. Rule 12(b)(6). (Docket No. 36). Defendants pray that in the alternative, as to any surviving claims, that this action be stayed pending contractually mandated mediation proceedings. Id.

Defendants argues that the Complaint should be dismissed for Plaintiff's failure to comply with clear and unambiguous contractual conditions for the commencement of a judicial action to collect, which are stipulated in the two Subcontractor Agreements. (Docket No. 36 at 2). Defendants posit that pursuant to Fed. R. Civ. P. 12(b), their motion is limited to the well-pleaded allegations and contracts that are included and/or are referenced in the Complaint, namely: (1) the PR Contract; (2) the PR Subcontract; (3) the PR Bond; (4) the USVI Prime Contract; (5) the USVI Subcontract; (6) the USVI Sub-subcontract, and (7) the USVI Bond. Furthermore, they allege that a careful and coherent reading of said agreements unequivocally shows that: (1) Plaintiff blatantly disregarded the forum selection clauses in the Earthwrx Subcontracts and the Payment Bonds; (2) Plaintiff failed to engage in mandatory mediation of its alleged claims under the PR Subcontract; and (3) Plaintiff has no direct claim against Defendants under P.R. LAWS ANN. tit. 22 § 51 (Commonwealth statute equivalent to the federal Little Miller Act) because the services it provided do not fall under the statute's purview. Id. at 4.

Plaintiff opposed, (Docket No. 38), and Defendants replied. (Docket No. 45).

**II.     Standard of Review**

A motion to dismiss based on a forum selection clause is treated as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6). Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387 & n. 3 (1st Cir.2001). When considering a motion to dismiss for failure to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz, 669 F.3d at 55. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678–79. Second, the court must then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678–79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual

content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

### III. Discussion and Legal Analysis[3]

#### A. Forum Selection Clauses

A forum selection clause is "*prima facie* valid" and, absent a "strong showing" by the resisting party that the clause is "unreasonable under the circumstances," it should not be set aside. M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10, (1972) (internal quotation marks omitted). There are four grounds for finding such a clause unreasonable and thus, unenforceable: (1) the clause was the product of "fraud or overreaching;" (2) "enforcement would be unreasonable and unjust;" (3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court," or (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 48-49 (1st Cir. 2014). The burden is on Plaintiff to establish that a forum selection clause should not be enforced. See M/S Bremen, 407 U.S. at 17 (explaining that the party arguing that a forum selection clause is inapplicable "bear[s] a heavy burden of proof"); In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005) (recognizing the "heavy burden of proof" to overcome a forum selection clause on inconvenience grounds). Moreover, there is no "general rule for forum-selection clauses[;]" rather, we "base[ ] our conclusion on the specific language of the contract at issue." Silva, 239 F.3d at 388.

---

[3] Defendant did not dispute that this is the proper venue for claims under the Puerto Rico bond claim nor the local Little Miller Act claim. See Docket No. 38; P.R. Laws Ann. tit. 22 § 51.

*1. Plaintiff's Puerto Rico Subcontract claim*

Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory. "Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (3d ed. 1998); see also Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 17 (1st Cir. 2009)).

In the present case, the Puerto Rico Subcontract states that:

> Claims, disputes or other matters in controversy arising out of or related to this Agreement and/or any Work Order, shall be subject to non-binding mediation, which mediation shall take place before a certified mediator located in San Juan, Puerto Rico, as a condition precedent to litigation. [The PR Subcontract] and all Work Orders issued hereunder shall be governed and construed in accordance with the laws of the Commonwealth of Puerto Rico, notwithstanding any conflicts of laws principles. Venue for any proceeding brought in connection with [the PR Subcontract] or the performance or interpretation of any Work Order issued to [Earthwrx] hereunder shall be proper only in the Puerto Rico Court of First Instance, San Juan, Puerto Rico.

(Docket No. 31-2 at 4, sec. 15). The Court holds that this forum selection clause is mandatory as it states that the controversies arising from said contract shall be subject to non-binding mediation and that the venue for the performance or interpretation of any work order "shall be proper only" in the Puerto Rico Court of First Instance, San Juan, Puerto Rico. There is nothing ambiguous or permissive in the language in the forum selection clause. See Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 47 (1st Cir. 2014) (see also Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 346, (2005)). Additionally, Plaintiff does not argue that the forum selection clause's scope does not include the present claim. Consequently, Defendant's

**Civil No. 19-1650 (GAG)**

Motion to Dismiss as to the Puerto Rico Subcontract claim is hereby GRANTED and the claims dismissed without prejudice.

### 2. *Plaintiff's USVI Sub-subcontract claim*

The USVI Subcontract states, in the relevant part:

> Claims Not Related to or Involving Owner: If Subcontractor disputes AECOM's decision regarding a Claim, or if disputes otherwise exist between the Parties… the Parties agree that all such disputes and other matters in question, of any kind, related to or arising out of this Agreement of the Project, shall, at AECOM's sole and absolute option, be resolved either by: (i) litigation in a federal or state court of competent jurisdiction located in the state in which the project is located or in Virginia where AECOM is located and this Agreement was entered into, or (ii) by Arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

(Docket No. 36-2 at sec. 6.6.2). The Court also holds that the language in the forum selection clause is mandatory and states clearly that litigation shall be brought in a federal or state court of competent jurisdiction "located in the state in which the project is located or in Virginia where AECOM is located and this Agreement was entered into." Id. The project regarding this claim was located in the United States Virgin Islands. See (Docket No. 31). Furthermore, Plaintiff has not demonstrated how the enforcement of the clause would be unreasonable under M/S Bremen. Hence, Defendant's Motion to Dismiss as to the USVI Sub-subcontract claim is hereby GRANTED and the claims dismissed without prejudice.

### 3. *Plaintiff's USVI Bond claim*

The USVI Bond, on the other hand, contains mandatory forum selection clause stating that a claim may only procced ". . . in a court of competent jurisdiction in the county or other political subdivision of the state in which the project, *or any part thereof*, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere. See Docket No. 31-8 (emphasis added). The difference here being that suit is permitted where any part of the project took place. Plaintiff alleges in the Amended Complaint that they provided

8

services relating to the project in Puerto Rico. See Docket No. 31 ¶ 16, 17. Thus, Plaintiff correctly brought a claim in this Court and Defendant's motion to dismiss Plaintiff's USVI Bond claim is hereby DENIED.

### B. Breach of Contract

Pursuant to Commonwealth of Puerto Rico law, when a court is faced with a contractual dispute it must first determine if the terms of the contract are clear. See P.R. Laws Ann. tit. 31, § 3471. "Once a court determines that the terms of the contract are sufficiently clear . . . the court cannot dwell on the 'alleged' intent of the parties at the time they entered into the contract." Fernández-Fernández v. Mun. of Bayamon, 942 F. Supp. 89, 94 (D.P.R. 1996). "Only if the literal terms of the contract are in doubt will it be necessary . . . to examine or interpret the contract with the help of extrinsic evidence." Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F. Supp. 98, 106 (D.P.R. 1993); see also Autoridad de Carreteras y Transportación v. TransCore Atl., Inc., 387 F. Supp. 3d 163, 166 (D.P.R. 2017).

After this initial analysis, to prove a claim for breach of contract "a party must sufficiently allege (1) a valid contract, (2) breach of that contract, and (3) resulting damages." TC Investments, Corp. v. Becker, 733 F. Supp. 2d 266, 278 (D.P.R. 2010) (citations omitted). A contract breach only requires "a single, readily ascertainable, event." Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 206 (1st Cir. 2015).

Additionally, when ruling on a motion to dismiss, a court may consider documents, *e.g.* contracts, submitted by the parties. See Am. Mgmt. And Admin. Corp. v. Solid Rock Wall Sys., 186 F. Supp. 2d 69, 70 (D.P.R. 2002). A court usually converts a motion to dismiss into a motion for summary judgment when evaluating such extrinsic evidence. Fed. R. Civ. P. 12(b). Nevertheless, there are exceptions to this rule "when the documents' authenticity is not in dispute, . . . documents are central to the plaintiff's claim, or when they are sufficiently referred to in the

complaint." Am. Mgmt. And Admin. Corp. 186 F. Supp. 2d at 71; see also Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). If considering extrinsic evidence to establish the intent of the contracting parties is necessary, then the Court should abstain because this issue must be left to the factfinder, unless the extrinsic evidence is "so one-sided that no reasonable person could decide the contrary." Wells Real Estate Inv. Tr. II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 54 (1st Cir. 2010); see also Comité Fiestas De La Calle San Sebastian, Inc. v. Cruz, 170 F. Supp. 3d 271, 275-76 (D.P.R. 2016)

At this stage of the litigation, Plaintiff's claims that have not been dismissed due to jurisdictional issues are sufficient "to raise a reasonable expectation that discovery will reveal evidence" as to each parties' primary and secondary contractual obligations. Twombly, 550 U.S. at 556. Plaintiff, at this stage of the proceedings, has sufficiently pled a valid contract, a breach of said contract, and damages resulting of said breach. See (Docket No. 31); see also P.R. LAWS ANN. tit. 31, § 3018; Mega Media Holdings, Inc. v. Aerco Broad. Corp., 852 F.Supp.2d 189, 199-200 (D.P.R. 2012). Moreover, discovery will place the Court in a better position to interpret the contracts and determine who is ultimately responsible. Consequently, Plaintiff's factual allegations sufficiently comply with the plausibility standard required under Rule 12(b)(6), and the Court hereby **DENIES** Defendants' Motion to Dismiss at Docket No. 36 as to the breach of contract claim.

### IV. Conclusion

For the reasons expressed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss at Docket No. 36. Plaintiff's claims under the PR Subcontract and the USVI Subcontract are **DISMISSED WITHOUT PREJUDICE**, while their claims under the PR bond, the USVI bond, and the PR Little Miller Act (P.R. Laws Ann. tit. 22 § 51) survive the present motion to dismiss. Nonetheless, moving forward, provided that the claims under the PR

**Civil No. 19-1650 (GAG)**

bond and the USVI bond may be dependent on the PR Subcontract and USVI Subcontract claims, both parties shall file simultaneous legal memoranda to Court on this issue, **on or before November 22, 2020**.

**SO ORDERED.**

In San Juan, Puerto Rico this 25th day of September, 2020

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge