UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GORE & ASSOC. MGMT. CO., INC.,

Plaintiff,

v.

SLSCO LTD. & HARTFORD INS. CO.,

Defendants.

CIVIL NO. 19-1650 (GAG)

OPINION AND ORDER

Presently before the Court is SLSCO Ltd. and Hartford Fire Insurance Company ("Defendants")' Motion for Reconsideration (Docket No. 50) of the Court's ruling in its Opinion and Order (Docket No. 47) denying in part their Motion to Dismiss (Docket No. 36). The Court held that the language of the forum selection clause in the United States Virgin Islands ("USVI") Bond contract permitted Gore & Associates Management Company, Inc. ("Plaintiff" or "Gore") to file a claim in the U.S. District Court of Puerto Rico and that Plaintiff pled sufficient facts upon which relief can be granted. Defendants now petition the Court to reconsider the holding that said contractual interpretation of the forum selection clause is clearly erroneous as a matter of law.

After careful review of the parties' submissions and applicable law, the Court hereby **DENIES** Defendants' Motion for Reconsideration at Docket No. 50.

**Civil No. 19-1650 (GAG)**

I.  Standard of Review

A motion for reconsideration under FED. R. CIV. P. 59 cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. Villanueva-Méndez v. Vázquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). "[A] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." Soto-Padró v. Public Buildings Authority, et al., 675 F.3d 1, 9 (1st Cir. 2012) (internal citations omitted). It is also a long-standing rule that motions for reconsideration cannot be used to bring forth new arguments. See Nat'l Metal Finishing Co., Inc. v. Barclays Am./ Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (holding that motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier"). Motions for reconsideration are granted sparingly, and only when "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citing Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)).

These three grounds are the exclusive bases for granting a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law." Torres v. Gonzalez, 980 F.Supp. 2d 143, 147 (D.P.R. 2013). Therefore, Rule 59 motions are typically

denied. See e.g., Rivera v. Meléndez, 291 F.R.D. 21, 23 (D.P.R. 2013) (denying motion for reconsideration when "plaintiff's clear intention is to achieve yet another bite at the apple, and continue this litigation by ignoring and/or refusing this Court's ruling"); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 (2d ed.) (2012).

II.     Legal Analysis

Defendants seek reconsideration of the Court's Opinion and Order allowing the USVI Bond claim to proceed. They assert that the Court's interpretation of the forum selection clause constitutes a manifest error of law because it is at odds with the plain meaning of the language used and the intent of the parties. (Docket No. 50 at 2, 3-7).

The Court disagrees. A motion for reconsideration is not the mechanism to regurgitate "old arguments previously considered and rejected." Biltcliffe, 772 F.3d at 930 (1st Cir. 2014) (quoting Nat'l Metal Finishing Co., 899 F.2d at 123 (1st Cir. 1990)).

Here, Defendants' contention surrounding the plain meaning of the language in the forum selection clause is exactly the same as the one averred in their Motion to Dismiss (Docket No. 36 at 7-9). Defendants' argument explaining their limited interpretation of the terms "situated," "or any part thereof," and "project" in the forum selection clause is an argument previously considered, evaluated and rejected. Thus, the Court's interpretation of these terms does not amount to a clear error of law.

Defendants argue that it was a clear error of law to allow the USVI Bond claim to proceed when the Court granted the dismissal of the USVI Subcontract claim. This

argument fails because the contracts had different forum selection clauses. In the USVI Subcontract, the forum selection clause unambiguously states where litigation would occur. (Docket No. 31-2 § 6.6.2). Unlike the USVI Bond, the USVI Subcontract limited the appropriate forum exclusively to where the project mainly took place.

However, in the USVI Bond, the forum selection clause did not specifically indicate the courts where litigation should be brought (Docket No. 31-8 § 3.b). In addition, the clause in the USVI Bond expanded the jurisdiction of the claims arising out of this contract to federal district courts where any part of the project took place. Id. Although the project, in relation to the USVI Subcontract, was mainly based in the USVI, the Court also found that part of the project was situated in the Commonwealth of Puerto Rico. (Docket No. 47 at 8-9). This ruling is supported by Plaintiff's plausibly sufficient and properly pled facts in its Amended Complaint (Docket No. 31 ¶ 16, 17). The Amended Complaint alleges that the staffing support for the project took place and was situated in Puerto Rico. Id. The staffing support provided labor services and manpower from Puerto Rico directly to the project in the USVI. Id. Therefore, the Court stands by its previous holding that allowed the USVI Bond claim to proceed, while also dismissing the USVI Subcontract claim.

Furthermore, Defendants request reconsideration on the grounds that Gore has not pled sufficient facts to avail itself of the contractual rights entitled to claimants under the USVI Bond. (Docket No. 50 at 7-8). Defendants argue that Plaintiff has not plausibly shown to be a valid claimant because it lacks an enforceable lien against the property improved

**Civil No. 19-1650 (GAG)**

under the USVI Subcontract (Docket No. 31-8 § 1). This argument was already proffered and considered in the Court's Opinion and Order. See <u>Biltcliffe</u>, 772 F.3d at 930 (motion for reconsideration is not proper mechanism to regurgitate old arguments previously considered and rejected). As already decided, at this stage of the proceedings, Gore has pled sufficient facts that it has obtained an assignment of contractual rights from the subcontractors Earthwrx and Uniify, who do have an enforceable lien against Defendants and are, hence, proper claimants (Docket No. 31 ¶ 46-48, 53).

Lastly, Defendants raise for the first time that Plaintiff's notice to Defendants of the outstanding debt was untimely under the terms of the USVI Bond. Motions for reconsideration cannot be used to bring forth new arguments. See <u>Biltcliffe</u>, 772 F.3d at 930 ("motion for reconsideration not the venue[] to advance arguments it should have developed prior to judgment"). As such, at this stage of the proceedings, the Court will not entertain said contention.

For the foregoing reasons, Defendants' Motion for Reconsideration at Docket No. 50 is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 9th day of November, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge