**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

**GORE & ASSOC. MGMT. CO., INC.,**

**Plaintiff,**

**v.**

**CIVIL NO. 19-1650 (GAG)**

**SLSCO LTD. and HARTFORD FIRE & INS. CO.,**

**Defendants.**

## MEMORANDUM ORDER

Plaintiff Gore and Associates Management Company, Inc. ("Gore" or "Plaintiff") filed an amended complaint pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a)(1), against SLSCO Ltd. ("SLSCO") and Hartford Fire and Insurance Company ("Hartford") (collectively, "Defendants") alleging breach of contract as well as acclaiming payment bond claims pursuant to third party beneficiary provisions and under P.R. LAWS ANN. tit. 22, § 51. (Docket No. 31).[1] The Court stayed the instant case at Docket No. 64 pursuant to Landis v. N. Am. Co., 299 U.S. 248, 254 (1936), and instructed Plaintiff to "file its claims under the PR Subcontract and USVI Subcontract in the appropriate forums." (Docket No. 64). The Court considered it necessary for the principal contract claims to be disposed of prior to adjudicating the claims related to the surety bonds. Id. Plaintiff moved to lift the stay order and to file a second amended complaint. (Docket No. 66). Defendants opposed. (Docket No. 69). The Court denied the motion to lift the stay at Docket No. 66 because Plaintiff failed to abide by the Order at Docket No. 64 and reiterated that Plaintiff's initial contract

---

[1] Plaintiff also posited that the Court has jurisdiction under 28 U.S.C. § 1391(b)(2) because a substantial part of the services provided by Gore and Associates Management Company, Inc., individually, and the parties who assigned their rights to Gore in this action under the contracts at issue giving rise to this action, occurred in Puerto Rico. (Docket No. 31).

**Civil No. 19-1650 (GAG)**

claims must be adjudicated in their appropriate forums before this Court can proceed to the merits of Plaintiff's surety claims. (Docket No. 70).

Plaintiff now moves for reconsideration of its motion at Docket No. 66 under Fed. R. Civ. P. 59(e) and 52(b), again requesting that the stay be lifted and that it be permitted to file a second amended complaint. (Docket No. 71). Defendants again opposed. (Docket No. 74). After considering the parties' submissions, the Court hereby **DENIES** Plaintiff's motion for reconsideration at Docket No. 71.

### I. Standard of Review

Motions for reconsideration are granted at the Court's discretion. Willens v. Univ. of Mass., 570 F.2d 403, 406 (1st Cir. 1978). Courts generally recognize three valid grounds for Rule 59(e) relief: "an intervening change in the controlling law, a clear legal error, or newly discovered evidence." Soto-Padró v. Public Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2017). Rule 59(e) does not allow parties "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Standard Química de Venezuela v. Cent. Hispano Int'l Inc., 189 F.R.D. 202, 205 n. 4 (D.P.R. 1999).

### II. Legal Analysis and Discussion

In the Opinion and Order dated September 25, 2020, the Court dismissed all of Plaintiff's claims based on the subcontract between Earthwrx and SLSCO for work in the Commonwealth of Puerto Rico, (Docket. No. 47 at 7), and all of those claims based on the sub-subcontract between Earthwrx and SLSCO for similar work in the United States Virgin Islands. Id. at 8 (citing valid forum selection clauses). The Court retained jurisdiction over the remaining claims that stem from those subcontracts' corresponding payment bonds issued in favor of Earthwrx and Uniify. Id. Defendants' liability under the payment bonds is contingent upon their liability under the Earthwrx-

**Civil No. 19-1650 (GAG)**

SLSCO subcontracts giving rise to the payment bonds because the payment bonds were issued pursuant to the Earthwrx-SLSCO subcontracts. (Docket No. 31 ¶ 12). Plaintiff cannot establish Defendants' liability under the payment bonds until Defendants' liability under the Earthwrx-SLSCO subcontracts is established, and this Court does not have jurisdiction to hear the claims relating to the Earthwrx-SLSCO subcontracts. (Docket Nos. 47; 64).

Here, Plaintiff is both attempting to raise new arguments and relitigate matters on which the Court has already passed judgment. Plaintiff is now asserting that it can establish liability under Uniify's payment bond independently from Earthwrx. (Docket No. 70 at 1-2). Plaintiff's argument contradicts Plaintiff's previous assertion in the amended complaint that "Uniify is a proper claimant because it has a direct contract with a sub-contractor, namely Earthwrx, of the Principal, SLSCO." (Docket No. 31 ¶ 48). Further, the Court has already ruled that Plaintiff cannot litigate the claims relating to Uniify without first litigating the claims related to the contract under which Uniify's payment bond was issued. (Docket Nos. 47, 57, 64, 70). As such, Plaintiff has failed to make a valid showing for relief under Fed. R. Civ. P. 59(e) and 52(b).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration at Docket No. 71.

**SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of August 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge